■ BRONX STORE EQUIPMENT CO., INC., Doing Business as BRONX BUILDERS, Respondent, v WESTBURY BROOKLYN ASSOCIATES, L.P., et al., Defendants, and CAFÉ CONCEPTS, INC., Appellant. [791 NYS2d 16]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered September 24, 2004, after a nonjury trial, in favor of plaintiff and against defendant-appellant in the principal amount of $275,000, plus interest, costs and disbursements, unanimously affirmed, without costs.

Plaintiff is a construction company that built a restaurant for the defaulting defendants (collectively Westbury); appellant (Café Concepts) is a corporation that acts as managing agent for Westbury's various restaurants. Plaintiff claims that Café Concepts guaranteed the $300,000 remaining unpaid on plaintiff's contract with Westbury; Café Concepts claims that the writing on which plaintiff relies to prove the alleged guarantee is not sufficient to satisfy the statute of frauds. The writing in question is a letter on Café Concepts' letterhead signed only by Café Concepts' chief operating officer, identified only as such. It is addressed to plaintiff, purports to be from both Café Concepts and Westbury, and states: "We acknowledge

that we owe you a balance of $300,000 related to the construction of the [restaurant] . . . . This document will supercede any Waiver of Lien signed by [plaintiff]." The record contains a waiver of lien bearing the same date as the letter and executed by plaintiff in connection with its work on Westbury's restaurant. Westbury thereafter made some payments toward the $300,000 but soon went out of business. By virtue of the statute of frauds (General Obligations Law § 5-701 [a] [2]), Café Concepts' intention to guarantee Westbury's debt must be clearly and explicitly evidenced by the language of the letter itself (see Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4 [1964]; Bazak Intl. Corp. v Mast Indus., 73 NY2d 113, 118 [1989]). The letter plainly identifies a debt owed to plaintiff by Westbury, and while Café Concepts does not expressly guarantee or assume that debt, such is the clear import of the phrase "[w]e acknowledge that we owe you a balance of $300,000," at least in the absence of any indication of Café Concepts' status as agent (compare Savoy, 15 NY2d at 4-5). Furthermore, the simultaneously executed waiver of lien shows that plaintiff was giving up a source of alternative payment. We find that the letter is indeed clear and explicit evidence of Café Concepts' intention to add its liability to that of Westbury. Concur—Mazzarelli, J.P., Sullivan, Gonzalez and Catterson, JJ.